**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL ACTION 05-00095-WS** |
| | ) | |
| **ROBERT WILLIAM CRAFT, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This cause is before the Court on defendant's Motion to Suppress (doc. 12) and Motion to Dismiss Indictment (doc. 13).

In a one-count Indictment filed on March 24, 2005, defendant Robert William Craft, Jr. was charged with knowingly possessing and attempting to possess a computer hard drive containing more than three images of child pornography that had been transported or shipped in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Defendant's Motion to Suppress alleges in conclusory terms that "any and all items of tangible evidence were seized pursuant to an unlawful search and/or seizure" and that "the statements allegedly obtained from the Defendant while he was in custody were obtained in violation of the United States Constitution." (Doc. 12, ¶¶ 1-2.)  No additional factual information, allegations or legal argument are presented in support of these cursory claims.  From this bare-bones Motion, the Court cannot ascertain the basis of defendant's assertion that evidence was seized from him and statements obtained from him in an unlawful manner.  Under well established law, defendant's vague contentions of unconstitutionality are wholly inadequate.  After all:

> "A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented.  In short, the motion must allege facts which, if proven, would provide a basis for relief.  A court need not act upon general or conclusory assertions founded on mere suspicion or conjecture."

*United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985); *see also United States v. Cooper*, 203 F.3d 1279, 1289 (11th Cir. 2000) (quoting *Richardson* and rejecting motion to suppress

where defendants failed to articulate therein any facts that might have demonstrated that they possessed a reasonable expectation of privacy in the area searched).  Craft's Motion alleges no facts that might provide a basis for relief, and falls well short of the basic specificity standards articulated in *Richardson*.  Accordingly, the Motion to Suppress is **denied**.

Defendant's Motion to Dismiss Indictment suffers from the same infirmities.  That Motion offers a laundry list of eight undeveloped boilerplate objections to the Indictment, including contentions that it is vague and ambiguous, based on an unconstitutional statute, fails to state facts sufficient to constitute a crime, and results from an arrest lacking in probable cause or reasonable suspicion.  Defendant also maintains in conclusory terms that subject matter jurisdiction is lacking, personal jurisdiction is lacking, and venue is improper.  Defendant furnishes the Court and opposing counsel with no memorandum of law, no authorities, and no legal arguments to elaborate on or substantiate these skeletal objections.  Given the amorphous, cryptic nature of defendant's objections, the Government cannot reasonably be expected to respond in meaningful fashion, nor can the Court pass judgment on the merits of any such objections because it is impossible to surmise from defendant's opaque filing the factual and legal bases upon which relief is sought.  In light of these glaring deficiencies, the Motion to Dismiss Indictment is **denied**.

DONE and ORDERED this 4th day of May, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE